# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 7. Mediation Questionnaire

*Instructions for this form:* https://www.ca9.uscourts.gov/forms/form07instructions.pdf

**9th Cir. Case Number(s)** | 24-7019; 24-7032; 24-7037

**Case Name** | Florida Office of the Attorney General v. Meta Platforms, Inc., et al.

**Counsel submitting this form** | James Rouhandeh, Davis Polk & Wardwell LLP

**Represented party/parties** | Meta Defendants-Appellants (listed below)

*Briefly describe the dispute that gave rise to this lawsuit.*

Defendants-Appellants are Meta Platforms, Inc. f/k/a Facebook, Inc.; Meta Payments Inc.; Meta Platforms Technologies, LLC f/k/a Facebook Technologies, LLC; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Instagram LLC; and Siculus, Inc. ("Meta"). Various individual plaintiffs, school districts and local governments, and state attorneys general ("Plaintiffs") brought actions in multiple different courts against Meta and several other social media companies ("Defendants") asserting product liability/design defect, negligence, failure to warn, consumer protection, and other common law tort and statutory claims, alleging that certain of Defendants' social media platform features were designed to foster compulsive use by minors, thereby causing mental and physical harm. The actions were consolidated into a federal multidistrict litigation ("MDL") captioned In re: Social Media Adolescent Addiction/Personal Injury Products Liability Litigation, MDL No. 3047 (N.D. Cal). The district court phased motion practice in the MDL into multiple tracks based on claim and claimant.

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7**   Rev. 09/01/22

1

*Briefly describe the result below and the main issues on appeal.*

On October 15, 2024, the district court denied in part Meta's motion to dismiss with respect to certain claims brought by the attorneys general and individual plaintiffs (4:22-md-03047, Dkt. No. 1214; 4:23-cv-05448, Dkt. No. 123; 4:23-cv-05885, Dkt. No. 38), ruling in relevant part that, although consumer protection claims against Meta related to five platform features were barred by Section 230 of the Communications Decency Act (47 U.S.C. § 230) ("Section 230"), claims based on the alleged failure to warn of risks allegedly caused by the same features were not barred. On October 24, 2024, the district court granted in part and denied in part Meta's motion to dismiss with respect to certain claims brought by the school districts and local governments (4:22-md-03047, Dkt. No. 1267), ruling in relevant part that, although negligence and public nuisance claims against Meta relating to eight platform features were barred by Section 230, claims based on the alleged failure to warn of risks allegedly caused by those same features were not barred. Meta filed its notice of appeal on each of the three underlying district court dockets in which the October 15 and October 24 orders were entered. The main issue on appeal is whether the district court erred in its collateral orders ruling that Meta's immunity from suit under Section 230 does not extend to claims pursued on a failure to warn theory, even though Meta is immune from suit on other claims based on harms allegedly caused by the same features.

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

Proceedings in the MDL are ongoing with respect to all claims that were not dismissed by the district court.

**Signature** s/ James P. Rouhandeh  **Date** 11/25/2024

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7**  Rev. 09/01/22

2