**Case Nos. 24-7037, 24-7312**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

IN RE: SOCIAL MEDIA ADOLESCENT ADDITION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION

PERSONAL INJURY PLAINTIFFS; *et al.*,
*Plaintiffs-Appellees*,

v.

META PLATFORMS, INC., f/k/a Facebook, Inc.; *et al.*,
*Defendants-Appellants*.

PERSONAL INJURY PLAINTIFFS; *et al.*,
*Plaintiffs-Appellees*,

v.

TIKTOK LLC; *et al.*,
*Defendants-Appellants*.

Appeal from the United States District Court
for the Northern District of California, Oakland Division
Hon. Yvonne Gonzalez Rogers
Case No. 4:22-md-3047 (MDL No. 3047)

## PLAINTIFFS-APPELLEES' MOTION TO DISMISS APPEALS FOR LACK OF JURISDICTION

Lexi J. Hazam
LIEFF CABRASER HEIMANN &
　BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
lhazam@lchb.com

Previn Warren
MOTLEY RICE LLC
401 9th Street NW, Suite 630
Washington, DC 20004
Telephone: (202) 232-5504
pwarren@motleyrice.com

*MDL Co-Lead Counsel for Plaintiffs-Appellees*
*Personal Injury Plaintiffs and School District Plaintiffs*

-i-

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, no corporate disclosure statement is necessary as no Plaintiff-Appellee is a nongovernmental corporation.

# TABLE OF CONTENTS

Page

INTRODUCTION ..................................................................................................1

RELEVANT BACKGROUND AND PROCEDURAL HISTORY .........................2

ARGUMENT .........................................................................................................4

    I.    Section 230 provides immunity from liability, to which the collateral order doctrine never applies. .................................................5

        A.    The statutory text does not provide for immunity from suit. ................................................................................................5

        B.    Section 230 is merely an affirmative defense that protects parties from liability. ................................................................7

    II.    Even if Section 230 provided complete immunity from suit, this Court would lack jurisdiction to hear this appeal. ................................8

        A.    The District Court's orders are not conclusive. .........................9

        B.    The District Court's orders are entwined with the merits. ........9

        C.    The District Court's orders are reviewable after final judgment................................................................................10

CONCLUSION ....................................................................................................11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Calise v. Meta Platforms, Inc.*,
  103 F.4th 732 (9th Cir. 2024) ................................................................................8

*Childs v. San Diego Family Housing LLC*,
  22 F.4th 1092 (9th Cir. 2022) ............................................................................4, 6

*Does 1-6 v. Reddit*,
  51 F.4th 1137 (9th Cir. 2022) ................................................................................7

*G.G. v. Salesforce.com, Inc.*,
  76 F.4th 544 (7th Cir. 2023) ..................................................................................8

*General Steel Domestic Sales, L.L.C. v. Chumley*,
  840 F.3d 1178 (10th Cir. 2016) ..............................................................5, 6, 7, 11

*Gulfstream Aerospace Corp. v. Mayacamas Corp.*,
  485 U.S. 271 (1988) ...............................................................................................9

*Hunsaker v. United States*,
  902 F.3d 963 (9th Cir. 2018) .................................................................................5

*Johnson v. Jones*,
  515 U.S. 304 (1995) .............................................................................................10

*Jones v. Dirty World Entertainment Recordings LLC*,
  No. 12-5133 (6th Cir. May 9, 2012) ...............................................................5, 11

*Mohawk Industries, Inc. v. Carpenter*,
  558 U.S. 100 (2009) ....................................................................................8, 9, 10

*Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*,
  460 U.S. 1 (1983) ...................................................................................................9

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

*SolarCity Corp. v. Salt River Project Agricultural Improvement & Power District*,
  859 F.3d 720 (9th Cir. 2017) ..................................................................*passim*

*United States v. Academy Mortgage Corp.*,
  968 F.3d 996 (9th Cir. 2020) ..................................................................................8

**Statutes**

28 U.S.C. § 1291 ........................................................................................................1

28 U.S.C. § 1292(b) ...............................................................................................1, 2

47 U.S.C. § 230(c)(1) .................................................................................................7

47 U.S.C. § 230(e)(3) .......................................................................................5, 6, 7

**Court Rules**

9th Cir. R. 27-1 ..........................................................................................................1

9th Cir. R. 27-1(2) ......................................................................................................1

Fed. R. App. P. 27 ......................................................................................................1

Fed. R. App. P. 27(a)(2)(B)(iii) .................................................................................3

# INTRODUCTION

After the District Court denied their motion to dismiss, would-be Appellants Meta and TikTok sought and failed to obtain certification for an interlocutory appeal under 28 U.S.C. § 1292(b). They now try again to jump the queue, seeking review under the collateral order doctrine. But that doctrine is inapplicable and, as a result, this Court lacks jurisdiction to hear their appeal.

Section 230 of the Communications Decency Act preempts state law causes of action under certain circumstances. But this Circuit has held it will *not* expand the collateral order doctrine to apply to arguments about statutory preemption. Other circuits have had little trouble dismissing identical efforts to extend the collateral order doctrine to cases allegedly preempted by Section 230.

Plaintiffs-Appellees respectfully ask this Court to dismiss these appeals for lack of jurisdiction.[1] *See* 28 U.S.C. § 1291; Fed. R. App. P. 27; 9th Cir. R. 27-1.

---

[1] Plaintiffs-Appellees refer to Meta Platforms, Inc., TikTok, Inc., and the related corporate entities that noticed these appeals as "Defendants-Appellants." Plaintiffs refer to all social-media-company defendants in this action, including the defendants that did not notice these appeals, as "Defendants." All references to "Plaintiffs" refer to the Personal Injury Plaintiffs and School District Plaintiffs, appellees in this consolidated docket. (Plaintiffs-Appellees informed Defendants-Appellants of their intention to file this motion, and Defendants-Appellants indicated they would oppose dismissal. 9th Cir. R. 27-1(2).)

-1-

## **RELEVANT BACKGROUND AND PROCEDURAL HISTORY**

At issue in this multidistrict litigation are hundreds of lawsuits alleging that the leading social media companies designed their products defectively and failed to warn users of those defects, causing serious mental and physical harm to children. These lawsuits include tort claims filed by platform users and their families (the Personal Injury Plaintiffs), claims for negligence and public nuisance filed by school districts and local government entities that have had to expend resources remediating this harm (the School District Plaintiffs), and claims brought by state attorneys general for violations of federal and state statutory law relating to consumer protection and child privacy (the State Attorneys General).

In April 2023, Defendants moved to dismiss the Personal Injury Plaintiffs' claims on various grounds, including that these claims are expressly preempted by Section 230 of the Communications Decency Act ("Section 230"), 47 U.S.C. § 230, and barred by the First Amendment to the U.S. Constitution. After largely failing in that effort, Dkt. 430 at 9–23,[2] Defendants asked the District Court to certify an interlocutory appeal under 28 U.S.C. § 1292(b). The first issue in their motion seeking such certification was: "Whether Section 230 . . . bar[s] claims for failure to warn of an alleged design defect where claims targeting the same

---

[2] All references to "Dkt." are citations to the District Court docket, Case No. 4:22-MD-3047-YGR (N.D. Cal.).

-2-

underlying alleged defective design are barred." Dkt. 473 at 1. On February 2, 2024, the District Court denied that motion. Dkt. 590.

Bracketing their initial (failed) attempt to obtain interlocutory review, Defendants filed additional motions to dismiss in December 2023 and February 2024. In relevant part, both motions (like the April 2023 motion, *see* Dkt. 430 at 20) sought dismissal under Section 230 "to the extent Plaintiffs allege an omission or failure to warn of harmful content, or alleged harms caused by 'engagement-inducing' features." Dkt. 517 at 59 (personal injury claims); *see also* Dkt. 601 at 15 (similar for school district claims); Dkt. 517 at 19 (similar for attorney general claims). It therefore came as no surprise when, in October 2024, the District Court denied the December 2023 and February 2024 motions to dismiss in relevant part, consistent with its previous ruling. *See* Dkt. 1214 (attached hereto as Exhibit A) at 37, 78, 88–89 (denying the December 2023 motion as to the personal injury and attorney general claims); Dkt. 1267 (attached hereto as Exhibit B) at 14 (denying the February 2024 motion as to the school district claims).[3]

Defendants-Appellants then noticed this appeal "to the extent that [the District Court] denied the . . . [December 2023 and February 2024] motions to dismiss . . . as barred by statutory immunity from suit pursuant to [Section 230]."

---

[3] Plaintiffs attach the District Court's two October 2024 orders denying in relevant part Defendants' motions to dismiss. *See* Fed. R. App. P. 27(a)(2)(B)(iii).

-3-

Dkt. 1330 at 3 (Meta); Dkt. 1389 at 2 (TikTok). Plaintiffs-Appellees filed a protective notice of cross-appeal, without prejudice to their position that the Court lacks jurisdiction at this time. Dkt. 1388.

## ARGUMENT

This Court lacks jurisdiction to consider these appeals.[4] Contrary to Defendants-Appellants' assertion, the District Court's dismissal orders do not qualify for an immediate appeal under the collateral-order doctrine. Only "a narrow class of decisions" are considered collateral orders: those orders that "do not terminate the litigation, but must, in the interest of achieving a healthy legal system, nonetheless be treated as final." *Childs*, 22 F.4th at 1095 (citation omitted). This "limited category of cases" is generally reserved for circumstances in which the defendant can point to a well-established "right not to be tried," such as "interlocutory denials of certain particularly important immunities *from suit*." *SolarCity Corp. v. Salt River Project Agric. Improvement & Power Dist.*, 859 F.3d 720, 725 (9th Cir. 2017) (emphasis added) (citation omitted). Denials of "mere immunities *from liability*," on the other hand, "do not meet the requirements for immediate appeal" because "immunity from liability can be protected by a post-judgment appeal." *Id.* (emphasis added).

---

[4] This Court has "jurisdiction to determine whether [it] ha[s] jurisdiction to hear the case." *Childs v. San Diego Fam. Hous. LLC*, 22 F.4th 1092, 1095 (9th Cir. 2022) (citation omitted).

-4-

I.  **Section 230 provides immunity from liability, to which the collateral order doctrine never applies.**

Section 230 provides immunity from liability where a "cause of action . . . under any State or local law . . . is inconsistent" with its provisions. 47 U.S.C. § 230(e)(3). This is a garden-variety preemption provision, *not* an absolute immunity from suit. This is obvious from the text of the law (which contains no reference to immunity from suit) as well as its practical operation (which creates an affirmative defense). Recognizing this, the Tenth and Sixth Circuits had little trouble dismissing identical attempts to immediately appeal an adverse ruling under Section 230. *See Gen. Steel Domestic Sales, L.L.C. v. Chumley*, 840 F.3d 1178, 1182 (10th Cir. 2016); *Jones v. Dirty World Ent. Recordings LLC*, No. 12-5133 (6th Cir. May 9, 2012) (ECF 39-2).

A.  **The statutory text does not provide for immunity from suit.**

In construing the scope of Section 230, the Court must "start with the plain meaning of the statute's text." *Hunsaker v. United States*, 902 F.3d 963, 967 (9th Cir. 2018). Section 230 "does not contain" an explicit immunity from suit, so an appellate court does not have jurisdiction to review Section 230 rulings on an interlocutory basis. *Gen. Steel*, 840 F.3d at 1181–82 ("To find that the CDA bars suit, the CDA must contain 'an explicit statutory or constitutional guarantee that

-5-

trial will not occur.'" (citation omitted)).[5] The absence of an explicit statutory guarantee of immunity from suit is in keeping with the fact that Section 230 protects private parties, not government officials. *Id.* at 1182 ("Immunity from suit is a benefit typically only reserved for government officials."); *see SolarCity*, 859 F.3d at 725 (stating that the collateral-order doctrine protects "certain particularly important immunities," specifically the denial of various governmental immunities).

Defendants-Appellants may argue that Section 230(e)(3) provides such a textual hook.[6] That argument fails because this subsection "is merely a preemption provision" that "does not contain an explicit bar to suit." *Gen. Steel*, 840 F.3d at 1182. To the extent that Defendants-Appellants point to dicta in any prior opinion that refers to Section 230 as providing immunity from suit, such dicta is not relevant here, as the Court in those cases "did not address the distinct question" of whether Section 230 creates collateral appealability. *Childs*, 22 F.4th at 1099 n.4;

---

[5] Defendants-Appellants' contention that Section 230 is a bar to suit is also illogical: their purported appeal would not resolve the lawsuit because they acknowledge that some of Plaintiffs-Appellees' claims should go forward regardless of the outcome of this appeal. By way of contrast, for example, a state either has sovereign immunity as to an entire claim or none of it.

[6] As noted above, Section 230(e)(3) says: "No cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section." 47 U.S.C. § 230(e)(3).

-6-

*see Gen. Steel*, 840 F.3d at 1181 n.2 (holding that court's prior "description of the CDA as providing immunity from suit . . . did not resolve this question, as this issue was not before us in that case").[7]

### B. Section 230 is merely an affirmative defense that protects parties from liability.

Even if the statutory text could be considered ambiguous, the practical operation of Section 230 also demonstrates that it merely preempts liability under state and local laws. This case is a typical example. Defendants-Appellants have been sued under a variety of state tort and consumer-protection laws. Their response, in relevant part, is that they cannot be held liable under these laws because doing so would "treat[ them] as the publisher or speaker of any information provided by another information content provider," as Section 230 forbids. *See* 47 U.S.C. § 230(c)(1). This is nothing more than an argument that these state laws were "never meant to apply" to Defendants-Appellants' conduct, because Congress has protected such activities. *SolarCity*, 850 F.3d at 726. But "[o]rders denying motions to dismiss on such grounds" are not immediately appealable. *Id.*; *see also, e.g.*, *Gen. Steel*, 840 F.3d at 1182 (holding that Section 230(e)(3) "is merely a preemption provision").

---

[7] In any event, there is at least equally persuasive dicta describing Section 230 as only an "immunity from liability." *E.g.*, *Does 1-6 v. Reddit*, 51 F.4th 1137, 1139 (9th Cir. 2022).

-7-

In addition, in recognition of the fact that Section 230 only limits the scope of tort liability, courts including this one commonly construe Section 230 as "an affirmative defense." *Calise v. Meta Platforms, Inc.*, 103 F.4th 732, 738 (9th Cir. 2024); *accord G.G. v. Salesforce.com, Inc.*, 76 F.4th 544, 566 (7th Cir. 2023) (holding that Section 230 "functions as an affirmative defense," not "an 'immunity' of any kind" (quotation marks omitted)). This type of affirmative defense is "no more a protection from litigation itself than is any other ordinary defense." *SolarCity*, 859 F.3d at 726.

## II. Even if Section 230 provided complete immunity from suit, this Court would lack jurisdiction to hear this appeal.

The Supreme Court has set out a three-part test for appellate jurisdiction under the collateral-order doctrine that courts must apply even when a statute provides immunity from suit: the order on appeal must (1) be "conclusive," (2) "resolve important questions separate from the merits," and (3) be "effectively unreviewable after final judgment." *United States v. Acad. Mortg. Corp.*, 968 F.3d 996, 1004 (9th Cir. 2020) (citing *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009)). Regardless of whether Section 230 provides immunity from suit or protection from liability, Defendants-Appellants must still show that all three requirements are satisfied. *SolarCity*, 859 F.3d at 724. The orders at issue here do not meet any of the factors described in *Mohawk*, much less all of them.

-8-

### A. The District Court's orders are not conclusive.

The first *Mohawk* requirement is that an order be conclusive. An order that is not conclusive—one that the "district court ordinarily would expect to reassess and revise . . . in response to events occurring in the ordinary course of litigation"—may not be appealed immediately. *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 277 (1988) (quotation marks omitted). Section 230 defenses are not conclusive; they present mixed questions of law and fact that a trial court revisits as the case evolves from the pleading stage. The District Court said as much here when it noted that aspects of the Section 230 defense in this action may come out differently following discovery. Dkt. 1214 (attached hereto as Ex. A) at 36–37.

### B. The District Court's orders are entwined with the merits.

The second *Mohawk* requirement is a "distillation of the principle that there should not be piecemeal review of 'steps towards final judgment in which they will merge.'" *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 13 n.13 (1983) (citation omitted). Here, Defendants-Appellants seek to appeal from only *some* aspects of two orders *partially* denying motions to dismiss *certain* of Plaintiffs' claims. Even if Defendants-Appellants were to succeed on this appeal in full, every single one of Plaintiffs' causes of action would remain in the case. Following final judgment, Defendants-Appellants would surely renew their Section 230 arguments as to the platform features not at issue in this appeal, raising similar

substantive questions about Section 230's scope.[8] As such, the application of Section 230 to aspects of Plaintiffs-Appellees' failure-to-warn claims is not "conceptually distinct" from the rest of the case and interlocutory appeal is not merited. *Johnson v. Jones*, 515 U.S. 304, 312 (1995).

### C. The District Court's orders are reviewable after final judgment.

The third *Mohawk* factor requires that an order cannot be effectively reviewed following final judgment. Defendants-Appellants cannot meet this factor either: this Court can obviously review the District Court's Section 230 rulings following final judgment. Indeed, as noted above the District Court has stated that it is plausible it will revisit those rulings following discovery or trial.

Furthermore, courts only consider an immunity decision unreviewable when the denial of a "particularly important immunit[y] from suit" is at issue. *SolarCity*, 859 F.3d at 725. It therefore makes sense that, absent an express statutory grant, the collateral-order doctrine typically extends only to the denial of immunity for

---

[8] For example, the District Court has ruled that claims based on certain features, such as the "failure to implement effective parental controls," "failure to implement opt-in restrictions to the length and frequency of use sessions," and Defendants' decision to "mak[e] filters available to users so they can, among other things, manipulate their appearance," are not barred by Section 230, no matter the cause of action. Dkt. 1267 (attached hereto as Exhibit B) at 13–14. Defendants have consistently asserted Section 230 protection against all of these alleged defects, even after the District Court's November 2023 ruling rejecting such arguments. *See* Dkt. 601 at 7–15 (renewing arguments under Section 230 in motion to dismiss School Districts' complaint). It is highly likely they will continue to do so throughout this litigation.

governmental entities. *Gen. Steel*, 840 F.3d at 1182 (expressing that the Tenth Circuit was particularly "hesitant to extend immunity" from suit to a private party). This case—involving non-governmental defendants asserting a statutory protection from liability—is plainly not such a case. *Id.*; *see Jones*, Order at 2–3 (dismissing Section 230 collateral appeal because defendants "failed to demonstrate how a substantial public interest will be imperiled by delaying their appeal until after the district court enters a final order").

## CONCLUSION

For the foregoing reasons, Plaintiffs-Appellees respectfully request that this Court dismiss Defendants-Appellants' appeals for lack of jurisdiction.

Dated: December 13, 2024                 Respectfully submitted,

By: */s/ Lexi J. Hazam*
Lexi J. Hazam

By: */s/ Previn Warren*
Previn Warren

*MDL Co-Lead Counsel for Plaintiffs-Appellees Personal Injury Plaintiffs and School District Plaintiffs*

-11-